Priority          ____
Send              ____
Enter             ____
Closed            ____
JS-5/JS-6         __XX__
~~XXX~~
Scan Only         ____

**CASE NO.:  CV 18-03715 SJO (FFMx)          DATE:  June 28, 2018**

**TITLE:       Irma J. Grant v. Seterus, Inc. et al**

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO REMAND**
[Docket No. 15]; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT** [Docket No. 14]

These matters are before the Court on (1) Defendants Seterus, Inc. and Federal National
Mortgage Association (together, "Defendants") Motion to Dismiss Plaintiff's Complaint ("Motion
to Dismiss"), filed on May 16, 2018; and (2) Plaintiff Irma J. Grant's ("Plaintiff") Motion to Remand
to Los Angeles Superior Court ("Motion to Remand"), filed May 24, 2018.  On June 4, 2018,
Defendants filed an opposition to Plaintiff's Motion to Remand ("Opposition to Remand").  To date,
Plaintiff has not filed an opposition to Defendants' Motion to Dismiss.  The Court found these
matters suitable for disposition without oral argument and vacated the hearings set for June
25, 2018.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, Plaintiff's Motion to Remand is
**DENIED** and Defendants' Motion to Dismiss is **GRANTED**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2018 Plaintiff filed a Complaint against Defendants in Los Angeles Superior Court,
which was removed to this Court on May 3, 2018.  (Notice of Removal Ex. 1 ("Complaint"),
ECF No. 1-1.)  Plaintiff's Complaint alleged violations of California Civil Code §§ 1788, 2924.17,
and 2924(a)(6), California Business and Professions Code § 17200, intentional infliction of
emotional distress, and seek injunctive relief under California Business and Professions Code §
17200 and Code of Civil Procedure § 526.  (Compl. 8-20.)  The facts alleged in the Complaint
closely repeat the facts alleged in a complaint previously dismissed by this Court.  (*See Grant v.
Seterus, Inc. et al*, Case No. 2:16-cv-06692-SJO-AJWx, "Underlying Case.")  In the Underlying
Case, the Plaintiff was given four opportunities to amend the complaint after repeated dismissals
based on failure to state a claim.  That case was dismissed with prejudice and without leave to
amend on July 25, 2017 and is currently on appeal.  (Ninth Circuit Case No. 17-56907.)

**CASE NO.: CV 18-03715 SJO (FFMx)**     **DATE: June 28, 2018**

Plaintiff seeks to remand the case for lack of diversity jurisdiction, and Defendants seek to dismiss the case on the theory of *res judicata*. (Mot. to Dismiss, ECF No. 14; Mot. to Remand, ECF No. 15.) The Court considers each motion in turn.

II.     Motion to Remand

      A.     Legal Standard

A defendant may remove an action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441. Diversity jurisdiction requires complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[S]trict construction is especially warranted in diversity cases, where concerns of comity mandate that state courts be allowed to decide state cases." *McAnally Enters., Inc. v. McAnally,* 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000) (citing *Hom v. Serv. Merch. Co.,* 727 F. Supp. 1343, 1345 (N.D. Cal. 1990)) (internal quotation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Gaus,* 980 F.2d at 566 (internal citation omitted). "Th[is] strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted)

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). If it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403–04 (9th Cir. 1996)). The removing party cannot rely on a statement that on its "information and belief" the amount in controversy exceeds the jurisdictional amount. *Valdez,* 372 F.3d at 1117. Rather, to discharge its burden, the removing party must provide evidence establishing that it "is more likely than not" that the amount in controversy exceeds $75,000. *Id.*

In order for a federal court to exercise diversity jurisdiction over an action, there also must be complete diversity between all plaintiffs. *See* 28 U.S.C. §1332. A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2011). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

**CASE NO.:** <u>CV 18-03715 SJO (FFMx)</u>          **DATE:** <u>June 28, 2018</u>

B.     <u>Analysis</u>

Here, there is no dispute in the diversity of citizenship between the parties; however, Plaintiff alleges that the amount in controversy is not met.  Plaintiff asserts that, though $750,000 was requested in the Complaint, this "does not mean she will ultimately receive that amount and it does not equate to her actual damages at the time of removal." (Mot. to Remand, 5.)  Plaintiff further asserts that Defendants have not met their burden, by a preponderance of evidence, to establish that Plaintiff's claims exceed $75,000.  (Mot. to Remand, 5.)  However, the Defendant only bears the burden of establishing the amount in controversy when it is not facially evident from the complaint that more than $75,000 is in controversy.  *See Valdez,* 372 F.3d at 1117.  Plaintiff's Complaint seeks "an award of compensatory and punitive damages . . . in the amount of no less than $750,000."  (Compl., 20,  ECF No. 1-1.)  "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Therefore, the amount in controversy is satisfied and Defendants' removal was proper.

The Court bears subject matter jurisdiction over this action and **DENIES** Plaintiff's Motion to Remand.

III .     <u>Motion to Dismiss</u>

A.     <u>Legal Standard</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the claims asserted.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). In considering a motion to dismiss, a court must accept as true the allegations of the complaint in question.  *Hosp. Bldg. Co. v. Trs. of the Rex Hosp.*, 425 U.S. 738, 740 (1976).  The Court is required to construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim."  *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990) (internal citation omitted).  "A motion to dismiss on the basis of *res judicata* or collateral estoppel may properly be brought under Rule 12(b)(6)."  *Reese v. Verizon California, Inc.*, No. CV11-01934 SJO (JEMX), 2011 WL 13193421, at *2 (C.D. Cal. Aug. 11, 2011), *aff'd*, 498 F. App'x 980 (Fed. Cir. 2012), and *aff'd*, 498 F. App'x 980 (Fed. Cir. 2012).  Since state, rather than federal, substantive law is at issue in diversity cases, "the appropriate federal rule is to adopt the state's law [in determining claim preclusion]."  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 499, 121 S. Ct. 1021, 1023 (2001).

"The doctrine of *res judicata* has two distinct aspects."  *Mitchell v. Jones,* 342 P.2d 503, 505 (Cal. Ct. App. 1959); *Ferraro v. Camarlinghi*, 75 Cal. Rptr. 3d 19, 37 (Ct. App. 2008).  "[C]ourt decisions and legal commentators often do not distinguish between the two aspects of the doctrine . . . ."

**CASE NO.: CV 18-03715 SJO (FFMx)**          **DATE: June 28, 2018**

*People v. Sims*, 651 P.2d 321, 326 n.6 (Cal. 1982) *superseded by statute on other grounds as stated in People v. Preston*, 50 Cal. Rptr. 2d 778, 781 (Ct. App. 1996). In its primary aspect, the doctrine is claim preclusive, also referred to as *res judicata*; in its secondary aspect, the doctrine is issue preclusive, also referred to as collateral estoppel. *Clark v. Lesher*, 299 P.2d 865, 868-69 (Cal. 1956); *Ferraro*, 75 Cal. Rptr. 3d at 36. "The defense of *Res judicata* is a complete bar to an action, whereas the claim of Collateral estoppel is concerned with the conclusiveness of a prior determination of a particular issue." *Hone v. Climatroi Indus., Inc.*, 130 Cal. Rptr. 770, 778 (Cal. Ct. App.1976). "The burden of proving that the requirements for application of *res judicata* have been met is upon the party seeking to assert it as a bar or estoppel." *Vella v. Hudgins*, 572 P.2d 28, 32-33 (Cal. 1977).

*Res judicata*, or claim preclusion, "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Rice v. Crow*, 97 Cal. Rptr. 2d 110, 116 (Cal. Ct. App. 2000) (emphasis and internal quotations omitted). The prerequisite elements for applying *res judicata* are:

> (1) [a] claim . . . raised in the present action is identical to a claim . . . litigated in a prior proceeding;
> (2) the prior proceeding resulted in a final judgment on the merits; and
> (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

*Brinton v. Bankers Pension Servs., Inc.*, 90 Cal. Rptr. 2d 469, 472 (Ct. App. 1999). The Ninth Circuit, however, has recognized that under California law, *res judicata* does not bar claims based on conduct that occurs after the prior action. *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438-39 (9th Cir. 1985) (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955)). "A claim arising after the date of an earlier judgment is not barred, even if it arises out of a continuing course of conduct that provided the basis for the earlier claim." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citing *Lawlor*, 349 U.S. at 328).

1.       "Identity of Claims" Requirement

The Court must consider the following factors in deciding whether there is an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
> (2) whether substantially the same evidence is presented in the two actions;
> (3) whether the two suits involve infringement of the same right; and
> (4) whether the two suits arise out of the same transactional nucleus of facts.

*Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005) (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). Of greatest importance is the fourth factor. *Hells Canyon Pres. Council*, 403 F.3d at 690. The first three factors are considered as necessary. *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910

**CASE NO.:  CV 18-03715 SJO (FFMx)          DATE:  June 28, 2018**

(9th Cir. 1998).  *Res judicata* thus bars the "relitigation of all grounds of recovery that were asserted, or **could have** been asserted" in the prior action.  *Id.* at 909 (emphasis added).  Whether two actions arise from the same transactional nucleus of fact depends on whether the claims in the second action could have been brought in the initial action because the same set of facts gave rise to both claims.  *See Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001); *Barajas*, 147 F.3d at 910.

### 2.    Final Judgment on the Merits

Before a defendant can raise *res judicata* as a defense in the second lawsuit, there must be a final judgment on the merits in the first lawsuit.  *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081.  "'The established rule in federal courts is that a final judgment retains all of its *res judicata* consequences pending decision of the appeal.'"  *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure* § 4433, at 308 (1981)).  Under Rule 41(b), a plaintiff's failure to comply with the Federal Rules of Civil Procedure results in an involuntary dismissal, unless otherwise expressly stated in the dismissal order, the dismissal operates as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b).

### 3.    "Same Parties" or "In Privity" Requirement

A fundamental tenet of *res judicata* is that a prior judgment binds and benefits only the parties to the previously decided action.  *See Taylor v. Sturgell*, 553 U.S. 880, 884, (2008).  However, a number of exceptions "temper this basic rule," allowing the doctrine of *res judicata* to attach to those in privity with the parties to the initial action.  *Id.*  While no bright-line definition governs the privity exception, the Supreme Court has identified six general categories.  *Id.* at 893-95.  Privity may exist between a party and a nonparty where:  (1) the nonparty contractually agrees to be bound by the judgment; (2) there is a "substantive legal relationship[]"; (3) the party "adequately represented" the nonparty's interests; (4) the nonparty "assumed control" over the initial litigation; (5) the nonparty is now relitigating as a proxy for the party; and (6) a statute prohibits "successive litigation by nonlitigants."  *Id.* at 893-95.

### B.    Analysis

### 1.    "Identity of Claims" Requirement

The claims in the Underlying Case are identical to those in the instant action.  When allegations "arise out of the same transactional nucleus of facts," they are considered identical.  *Owens*, 244 F.3d at 714 (quoting *Frank*, 216 F.3d at 851).  All of the facts, claims, and allegations from Plaintiff's previous action are restated in the new action.  Both the Underlying Case and the instant action encompass facts regarding Plaintiff's mortgage on real property located at 1290 Pavilion Drive, Pomona, CA 91768.  Plaintiff's claims arise from the question of whether Defendants can collect mortgage payments or institute a nonjudicial foreclosure of the property.  In fact, Plaintiff's instant action mirrors language and allegations from Plaintiff's Fourth Amended

**CASE NO.:  CV 18-03715 SJO (FFMx)**       **DATE:  June 28, 2018**

Complaint from the Underlying Case.  (*See generally Grant v. Seterus, Inc. et ai*, Case No. 2:16-cv-06692-SJO-AJWx, "Fourth Amended Complaint," ECF No. 51.)  There, the Plaintiff stated, "Defendants have filed foreclosure documents and attempts to proceed with a non-judicial foreclosure action to dispossess and disable the Plaintiff from her personal, private property." (Fourth Amended Complaint, p. 8.)   Here, Plaintiff again claims that "Defendants created foreclosure documents in an attempt to take a nonjudicial action without the legal right or authority to do so." (Compl. 7.)  Thus, the two suits arise out of the same transactional nucleus of facts.

While Plaintiff raises four new claims, such as intentional infliction of emotional distress and injunctive relief under California Business and Professional Code § 17200, which where not raised in Plaintiff's Underlying Case, all of the allegations in the instant Complaint could have been asserted in the prior action. *See U.S. ex rel. Barajas*, 147 F.3d at 909 (holding that *res judicata* bars relitigation of all grounds of recovery if they could have been asserted in the previous action). Here, Plaintiff re-labels her causes of actions with different names.  Plaintiff's newly claimed causes of actions concern the same transaction of common facts and Defendants' identical conduct, and could have been bought in the Underlying Case.  Therefore, Plaintiff raises identical claims in this instant action.

### 2.    Final Judgment on the Merits

A dismissal with prejudice is a final judgment on the merits.  *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  Plaintiff's last amended complaint in the Underlying Case was dismissed with prejudice and without leave to amend.  Therefore, Plaintiff's last amended complaint in the Underlying Case was a final judgment on the merits.

### 3.    "Same Parties" or "In Privity" Requirement

The two named Defendants in the instant action are the same parties named in the Underlying Case; therefore, *res judicata* bars Plaintiff's Complaint.

## IV.   RULING

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED** and the Court **GRANTS** Defendants' Motion to Dismiss with prejudice.  This matter shall close.

IT IS SO ORDERED.